IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| CHRISTOPHER HOGUE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 2:13-00375-N |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, pursuant to 28 U.S.C. § 636(c) and Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure, on the application by Plaintiff Christopher Hogue for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA") (Doc. 29), filed May 30, 2014, and the Commissioner of Social Security's objection to his application (Doc. 31), filed July 7, 2014. Upon consideration of all pertinent materials contained in the file, it is **ORDERED** that the application is **DENIED** because the position of the Commissioner in this litigation, to defend her decision denying Hogue benefits, "was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A).

### I. Substantial Justification Standard

EAJA requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , *unless* the court finds that the position of the United States was

***substantially justified*** or that special circumstances make an award unjust." *Id.* (emphasis added).

While "'[s]ubstantially justified' is one of the myriad phrases in the law that has no precise or fixed definition[, t]he Supreme Court has said that it means 'justified in substance or in the main.'" *Grieves v. Astrue*, 600 F. Supp. 2d 995, 999 (N.D. Ill. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see id.* ("A position that is 'substantially justified' must have a 'reasonable basis both in law and in fact.'" (quoting *Pierce*, 487 U.S. at 565)); *accord Monroe v. Commissioner of Soc. Sec. Admin.*, --- Fed. App'x ----, 2014 WL 2809139, at *1 (11th Cir. June 23, 2014) (per curiam) (citing *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 155 (1990)); *cf. Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) (a position is substantially justified if a "reasonable person could believe the position was correct").

> EAJA decisions necessarily involve exercises of discretion because of the sheer impracticability of formulating a rule of decision in such cases. Questions that arise under the Act, like many that arise in litigation generally, are not amenable to regulation by rule because they involve multifarious, fleeting, special, narrow facts that utterly resist generalization—at least, for the time being.

*Grieves*, 600 F. Supp. 2d at 999 (internal citations and quotation marks omitted and other modifications to original).

> It is also essential to recall that "a position can be justified even though it is not correct," *Pierce*, 487 U.S. at 566, n.2, and "[the government] could take a position that is substantially justified, yet lose [on the merits]." *Id.* at 569. Analysis of questions of substantial justification must take into account the government's position in the underlying action and the litigation posture it took while defending the validity of

2

that action in court. 28 U.S.C. § 2412(d)(2)(D). But, substantial justification should not be confused with the "substantial evidence" standard that applies to a court's initial review of the case. Indeed, the Supreme Court has cautioned that consideration of a fee petition "'should not result in a second major litigation.'" *Pierce*, 487 U.S. at 563. Thus, an EAJA petition requires the court to revisit the legal and factual circumstances of this case from a different perspective—the elusive standard of substantial justification—than it did in reviewing the record on the initial go-round to determine whether there was substantial evidence to support the conclusion.

*Id.* at 1000 (internal citations modified and some omitted).[1]

The Commissioner must establish that her position was substantially justified. *See Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987) ("The government bears the burden of showing that its position was substantially justified." (quoted in *Monroe*, 2014 WL 2809139, at *1)).

## II. <u>Analysis</u>

Here, remand was required because, although Hogue carried his burden to demonstrate he presumptively meets Listing 12.05(C), entitling him to the rebuttable presumption of disability, the ALJ failed to explicitly address that listing at the third step of the sequential evaluation. *See Hogue v. Colvin*, Civil Action No.

---

[1] *But see Cockerham v. Secretary of Health & Human Servs.*, CIV.A. No. 87–1276, 1990 WL 11355, at *3 (E.D. La. Jan. 31, 1990) ("[T]he corresponding definition of 'substantially justified' used in the EAJA means 'to be justified in substance or in the main . . . the action must be justified to a degree that could satisfy a reasonable person, and must have a reasonable basis in both law and fact.' Clearly, definitions of the terms 'substantial evidence' and 'substantially justified' are analogous; a reasonable mind must conclude that when the [Commissioner]'s position was not based upon substantial evidence, it cannot be found substantially justified." (quoting *Pierce*, 487 U.S. at 565)); *Scott v. Barnhart*, No. 99 C 4651, 2003 WL 1524624, at *5 (N.D. Ill. Mar. 21, 2003) ("When a court finds [] a lack of connection between the evidence in the record and an ALJ's conclusion, it is appropriate to find the Commissioner's position not substantially justified." (citations omitted)).

2:13–00375–N, 2014 WL 1744759, at *4-5 (S.D. Ala. Apr. 30, 2014); *see also Hartman v. Colvin*, No. CA 13–00005–C, 2014 WL 3058550, at *5 (S.D. Ala. July 7, 2014) ("The ALJ's failure to acknowledge the applicability of Listing 12.05(C) and afford the Plaintiff the rebuttable presumption of deficits in adaptive functioning was clear error because the Plaintiff met both of the requirements in paragraph C." (citing *Hogue*; *Frank v. Astrue*, No. CA 2:11–00215–C, 2011 WL 6111692 (S.D. Ala. Dec. 8 2011))). At the third step of the sequential evaluation, the ALJ instead stated, "Listing 12.02, rather than 12.05 was used because while there is some evidence of intellectual limitations, there is evidence of adapting functioning not consistent with use of 12.05." (Doc. 14, tr. ("R.") at 16.)

> [T]he failure of the ALJ here to address Listing 12.05(C) head on at the third step and, instead, attempt to address Dr. Blanton's opinion—the evidence signaling the need to consider that listing—in the context of her step-four RFC determination is confusing and makes her decision difficult for a reviewing court to follow. The ALJ should have discussed the IQ testing as well as the evidence of adaptive functioning she contends belies Hogue's IQ score at the third step of the sequential evaluation. She instead appears to use Hogue's adaptive skills (as well as his deficits, as noted in Dr. Blanton's opinion) at the fourth step, to shape the RFC. This failure to apply "the correct framework" is error, which is not harmless because it prevents the undersigned from determining whether the ALJ's conclusions at the third step are supported by substantial evidence.

*Hogue*, 2014 WL 1744759, at *5 (citations omitted).[2]

As just reiterated by the Eleventh Circuit, in *Monroe*, "a position can be

---

[2] In addition to the ALJ's failure to apply the correct framework, the Court found the adaptive skills the ALJ identified "were not necessarily inconsistent with Hogue's IQ score and, thus, are not sufficient evidence to rebut the presumption of disability." *Id.* at *6-7.

4

justified even if it is not correct." 2014 WL 2809139, at *1 (citing *Pierce*, 487 U.S. at 566 n.2). That recent decision aptly demonstrates the distinction between the substantial evidence inquiry and the substantial justification inquiry, and guides the Court's substantial justification analysis here.

In *Monroe*, the plaintiff appealed the district court's decision affirming the Commissioner, arguing that "substantial evidence did not support the [ALJ's] determination that Monroe did not meet the criteria of Listing 12.05(C)," and the Eleventh Circuit vacated and remanded, concluding that Monroe "met the criteria of Listing 12.05(C)[.]" *Monroe v. Commissioner of Soc. Sec.*, 504 Fed. App'x 808, 809-10 (11th Cir. Jan. 3, 2013) (per curiam). As to the later-filed EAJA petition, however, the district court found the Commissioner's position that Monroe did not meet the requirements of Listing 12.05(C) substantially justified; this time, the Eleventh Circuit affirmed, finding the lower court did not abuse its discretion by concluding the Commissioner's position, although incorrect, had a reasonable basis in fact and a reasonable basis in law. *See* 2014 WL 2809139, at *2-3.

Here too, the Commissioner's decision, although remanded by this Court, had a reasonable basis, in both fact and law, for finding that Listing 12.05(C) did not apply to Hogue. As to a basis in fact, the ALJ's conclusion that Hogue's IQ scores, which presumptively qualified him for Listing 12.05(C), were inconsistent with evidence of his adaptive functioning is certainly based on the record (and discussed at length in the ALJ's decision). (*See, e.g.,* R. 16, 32-34.) As to a basis in law,

[u]nder [Eleventh Circuit] precedent, the ALJ was not required to

5

accept [Hogue's] IQ score, and was permitted to reject it on the basis of the contrary evidence in the record. Additionally, the ALJ had the discretion to find that the results of the IQ test were incredible, such that Listing 12.05(C) was not satisfied. Given this precedent, the Commissioner had a reasonable basis in law for defending the ALJ's finding that [Hogue's] IQ results did not satisfy Listing 12.05(C).

*Monroe*, 2014 WL 2809139, at *3 (respectively citing *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987); *Popp v. Heckler*, 779 F.2d 1497, 1499-1500 (11th Cir. 1986)).

### III. Conclusion

For the reasons explained above, the petition for an award of attorney's fees under the Equal Access to Justice Act (Doc. 29) is **DENIED**.[3]

**DONE** and **ORDERED** this the 12th day of August, 2014.

    */s/ Katherine P. Nelson*
    **KATHERINE P. NELSON**
    **UNITED STATES MAGISTRATE JUDGE**

---

[3] Regarding the Court's conclusion that the adaptive skills identified by the ALJ were not sufficient (i.e., substantial) evidence to rebut the presumption of disability (*see supra* footnote 2), it is noted that the Commissioner's choice to defend her decision in this regard also has a reasonable basis in both fact and law. For example, here the vocational expert ("VE") classified Hogue's past relevant work as semi-skilled. (*See* R. 72.) And in *Perkins v. Commissioner, Soc. Sec. Admin.*, 553 Fed. App'x 870 (11th Cir. Jan. 22, 2014) (per curiam), the court noted, "the ALJ did not err by considering evidence of Perkins' work experience[—the VE classified as semi-skilled when pressed by plaintiff's counsel—]and adaptive functioning" to rebut an IQ score of 69. *See id.* at 873.

6